PEOPLE, PLAINTIFF AND APPELLEE, v. MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Voluntary Homicide.

No. 1965.—Decided March 12, 1923.

APPEAL—JURISDICTION—TRANSCRIPT—INDICTMENT—PLEADING.—A plea to the jurisdiction of the court because the transcript does not bear the signature of the foreman of the grand jury, who should have endorsed the indictment as a true bill, nor the signature of the clerk of the court, is without merit when it is put in for the first time on appeal, especially in this case in which the transcript, certified to by the clerk, begins as follows: "At the first term of this district court, which commenced on the 1st of October, 1921, the present case, which originated before the grand jury of this district, came on for trial, the judge of this court being * * *."

ID.—INDICTMENT—JURY—IRREGULARITY—NEW TRIAL. —- In this case when the verdict of guilty was returned the defendant moved the court to set it aside and grant him a new trial on the ground that one of the jurors had been a member of the grand jury who found the indictment. The motion was overruled. *Held:* That the defendant having alleged under oath that he had had no knowledge of the irregularity until that moment and there being nothing in the record to show the contrary, a new trial should be granted.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* and *Mrs. H. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

An indictment having been found against Saturnino Martínez, *alias* Tuní, for the crime of murder, he pleaded not guilty and asked for trial by jury. The jury returned a verdict of guilty of voluntary homicide. The defendant moved for a new trial. The court overruled the motion and sentenced Martínez to two years in the penitentiary. Martínez appealed to this court both from the order overruling the motion and from the judgment, assigning in his brief three errors committed, in his opinion, by the court, to wit: 1, In acting without jurisdiction; 2, in accepting a void verdict; 3, in sentencing the defendant.

1.—The appellant maintains that the court acted without jurisdiction because the transcript does not show the signature of the foreman of the grand jury who should have endorsed the indictment as a true bill, nor the signature of the clerk of the district court.

Section 25 of Act No. 58 of 1919 establishing the grand jury, in so far as pertinent, reads as follows:

"Section 25.—That if in any case the Grand Jury finds cause to indict, they shall endorse the indictment submitted by the *fiscal* as follows. 'A true bill.' Said endorsement shall be dated and shall bear the signature of the foreman. * * * "

As a matter of fact the transcript does not show that the indictment bears the required endorsement of the grand jury signed by its foreman, or any endorsement of its filing by the clerk.

The transcript certified by the clerk of the district court begins as follows: "At the first term of this district court which commenced on the 1st of October, 1921, the present case, which proceeded from the grand jury of this district, came on for trial before Hon. Charles E. Foote, Judge." Then the indictment is transcribed beginning with the words "grand jury" and ending with the signature of the district attorney. Immediately thereafter follows the defendant's plea of not guilty.

These being the facts and the question being raised for the first time on appeal, in our opinion it is wholly without merit. See the cases of *People* v. *Aponte,* 9 P. R. R. 345, and *People* v. *Ayala,* 15 P. R. R. 744, wherein it was held that an objection that the information does not bear the signature of the district attorney should be made in the trial court and not for the first time in this court.

2.—Let us examine the question raised by the second assignment of error. The defendant moved for a new trial on the ground that one of the jurors had been a member of the

grand jury who found the indictment. The pertinent part of the verified motion of the defendant reads as follows:

"That in this case the defendant was charged with murder in the first degree and the trial jury returned a verdict finding the defendant guilty of voluntary homicide. That the defendant now moves the Court to grant him a new trial for the following reasons: 1. That the trial jury in this case was composed of twelve members among whom one had served on the grand jury who found the indictment against the defendant, and this fact prevents the said juror from arriving at a correct, conscientious and impartial decision. 2. That during the trial of this case, that is, upon the return of the verdict by the jury, counsel for the defendant discovered that juror Genaro Maldonado, a member of the jury that returned the verdict in this case, had acted as a member of the grand jury that investigated the charges against the defendant, and the question having been brought to the attention of the court, it overruled defendant's motion to set aside the verdict of the jury because of defect of form, to which ruling the defendant excepted. 3. That the verdict in this case is contrary to law for the reason that the trial jury was composed of only 11 members instead of 12, as expressly provided for by law, inasmuch as one of the members of the petit jury, that is, juror Genaro Maldonado, had been a member of the grand jury that investigated the charges against the defendant, and the said juror, Genaro Maldonado, was disqualified to serve or act in this case as a member of the petit jury, in accordance with the provisions of section 55 of Act No. 58 of 1919 regulating the powers and duties of the grand jury; and the defendant further alleges in support of his motion that counsel for the defendant, in due time and proper manner, that is, when the jurors were examined as to their qualifications, publicly asked whether any of them had been members of the grand jury that had investigated the acts which originated the indictment against the defendant and none of them answered in the affirmative, their silence importing a negative answer to that question, and the name of juror Genaro Maldonado being in the box from which the names were drawn for forming the petit jury notwithstanding the fact that the said Genaro Maldonado said that he had been a member of the grand jury that investigated the acts with which the defendant was charged, a matter which, as previously alleged, was discovered when the jury was in deliberation

and never before that moment. And for all that has been alleged the defendant prays the Court to grant him a new trial."

The court overruled the motion for a new trial, as fol·lows:

"The court rules that section 55 of Act No. 58 of 1919 establishing the grand jury in Porto Rico does not prohibit a person who had taken part in the investigation of a charge against a defendant regarding the commission of a crime from thereafter acting as a member of the petit jury at the trial of the said person for the commission of the same offense, but renders him incompetent to act in the trial in the same manner as the other persons specified in section 187 of the Code of Criminal Procedure, and if he is accepted by the defendant, the latter can not raise any objection on that ground after the verdict. The court should explain that although counsel for the defendant put a general question to the whole jury when they were being examined as to their qualification to act as jurors whether any of them had been members of the grand jury, it is also true that the facts of the case were not explained before the said question was asked. For this reason the court overrules the motion for a new trial."

Section 55 of Act No. 58 of 1919, *supra*, reads as follows:

"No grand juror who has taken part in the deliberations as to a charge against a person accused of the commission of an offense shall thereafter serve as a petit juror on the trial of such person for the commission of the same offense."

In our opinion that statute is conclusive. The right of the defendant was shown clearly and should have been recognized by the court, and in not doing so the court erred as assigned. It is not necessary to consider now how the question would be affected if the defendant had known prior to the verdict that the juror had been a member of the grand jury and had done nothing until after the verdict, for in the sworn motion in this case it is alleged that the defendant had no knowledge of this fact until the moment when he

raised the objection, and there is nothing in the record to show the contrary.

As to the third assignment of error, it appears that the evidence was contradictory. That being the case, the appeal must be decided on the second assignment of error and the judgment and order appealed from must be reversed and a new trial granted.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.